## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| BRIGHTHOUSE LIFE INSURANCE COMPANY<br>        Plaintiff,<br><br>v.<br><br>LOPP MOTORS, INC.,<br>SHELLEY ANN LOPP BARTLETT,<br>JEFFERY S. LOPP,<br>MARY L. RIST, and DOE #1, as Administrator/Executor of the ESTATE OF BILLY J. LOPP,<br><br>        Defendants. | Civil Action No.: 2:24-cv-02544 |

### COMPLAINT IN INTERPLEADER

Plaintiff, Brighthouse Life Insurance Company f/k/a MetLife Investors USA Insurance Company ("Brighthouse"), by and through its undersigned counsel, for its Complaint in Interpleader, alleges as follows:

### PARTIES

1.      Brighthouse is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in North Carolina. Brighthouse is duly authorized to conduct business in the State of Kansas.

2.      Defendant Lopp Motors, Inc. ("Lopp Motors") is a Kansas corporation with its principal place of business in Dodge City, Kansas.

3.      Defendant Shelley Ann Lopp Bartlett ("Shelley Bartlett") is an adult citizen of Kansas and domiciled in Dodge City, Kansas.

4.      Defendant Jeffrey S. Lopp ("Jeffrey Lopp") is an adult citizen of Kansas and domiciled in Dodge City, Kansas.

5.      Defendant Mary L. Rist ("Mary Rist") is an adult citizen of Kansas and domiciled in Dodge City, Kansas.

6.      Upon information and belief, the estate of Billy J. Lopp (the Lopp Assignee's Estate") has not been opened, but Doe #1, as administrator/executor of the Lopp Assignee's Estate is named herein in its capacity as a putative beneficiary of the life insurance proceeds at issue in this action.  Billy J. Lopp (the "Lopp Assignee") was domiciled in Kansas at the time of his death and, thus, the Lopp Assignee's Estate is deemed a citizen of Kansas.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Brighthouse is a citizen of Delaware and North Carolina for diversity purposes and the Defendants are citizens of Kansas.

8.      Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

9.      Venue is also proper in this federal district pursuant to 28 U.S.C. § 1391(b)(1) because one or more of the Defendants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

10.      On or about September 15, 1994, New England Mutual Life Insurance Company issued policy number 8842118 (the "New England Life Policy") to Lopp Motors (sometimes, "Owner") and insuring the life of Jeffrey D. Lopp (the "Insured").  On the application for the New England Life Policy, the Owner designated Lopp Motors as the primary beneficiary of the New England Life Policy.

11.     Pursuant to various Assignments of Life Insurance Policy as Collateral dated on or around October 3, 1994 (the "Assignments"), the Owner assigned the New England Life Policy to Sunflower Bank, N.A. f/k/a Bank of the Southwest (the "Bank Assignee") and to the Insured's father, the Lopp Assignee. *Copies of the Assignments are attached hereto as **Exhibit A***.

12.     Upon information and belief, the Lopp Assignee died on or about January 10, 2008, predeceasing the Insured. *A copy of the Lopp Assignee's Certificate of Death is attached hereto as **Exhibit B***.

13.     By Beneficiary Designation form dated June 26, 2008, the Owner designated the Insured's spouse, Mary Rist, as primary beneficiary of the New England Life Policy. *A copy of the Beneficiary Designation form dated June 26, 2008 is attached hereto as **Exhibit C***.

14.     By Term Conversion Application dated November 26, 2008, the Owner requested that the New England Life Policy be converted to a new life insurance policy to be issued by MetLife Investors USA Insurance Company. *A copy of the Term Conversion Application dated November 26, 2008 ("Conversion Application") is attached hereto as **Exhibit D***.

15.     On or about December 9, 2008, MetLife Investors USA Insurance Company, now known as Brighthouse, issued flexible premium life insurance policy number 208273515USU (the "Policy") to Lopp Motors, as owner, with a policy date of December 3, 2008, and an issue date of December 9, 2008, and which provided life insurance coverage on the Insured. *A specimen copy of the Policy is attached hereto as **Exhibit E***.

16.     On the Conversion Application, Lopp Motors designated the Insured's spouse, Mary Rist, as sole primary beneficiary of the Policy, and the Insured's son, Jeffrey Lopp, as sole contingent beneficiary of the Policy. *See **Exhibit D**, Conversion Application*.

17.     As indicated by stamp notation on certain of the Assignments, the Assignments were transferred to the Policy.

18.     Upon information and belief, the Insured died on or about December 27, 2023. *A copy of the Insured's Certificate of Death is attached hereto as **Exhibit F**.*

19.     As a result of the death of the Insured, Policy death benefits in the amount of $450,000 (the "Death Benefit") became due to a beneficiary or beneficiaries, or assignee thereof, and Brighthouse concedes liability to that effect.

20.     By Life Insurance Claim Form dated February 15, 2024, Mary Rist asserted a claim to the Death Benefit. *A copy of the Life Insurance Claim Form dated February 15, 2024 is attached hereto as **Exhibit G**.*

21.     In response to a letter from Brighthouse mailed to the address of the Lopp Assignee prior to Brighthouse's knowledge of his death, Shelley Bartlett submitted a Life Insurance Claim Form dated April 4, 2024 asserting a claim to an unspecified amount of the Death Benefit in her individual capacity and a Release of Collateral Assignment dated April 4, 2024 (the "Collateral Release") of the Policy. Shelley Bartlett is identified as the Insured's sister on the claim form. *A copy of the Life Insurance Claim Form dated April 4, 2024 and the Collateral Release are attached hereto as **Exhibit H and Exhibit I,** respectively.*

22.     In response to Brighthouse's request to Shelley Bartlett for clarification of the conflicting documents she submitted, Shelley Bartlett submitted a Life Insurance Claim Form dated June 14, 2024, still asserting a claim to an unspecified amount of the Death Benefit in her individual capacity, and did not withdraw the Collateral Release. *A copy of the Life Insurance Claim Form dated June 14, 2024 (the "June 2024 Claim Form) is attached hereto as **Exhibit J**.*

23.     Included with the June 2024 Claim Form and in response to Brighthouse's request for documentation as to her authority to act on behalf of the Lopp Assignee Estate, Shelley Bartlett submitted an unexecuted and possibly incomplete Small Estates Affidavit for the Lopp Assignee whereby Shelly Bartlett, sworn upon oath, deposes and states that the Lopp Assignee died without a will and that she and the Insured are the sole heirs to the Lopp Assignee's Estate, as well as trust documents relating to a trust established by Phyllis E. Lopp and a Small Estates Affidavit for Phyllis E. Lopp.  *A copy of the Small Estates Affidavit for the Lopp Assignee and the other documents submitted by Shelley Bartlett are attached hereto as **Exhibit K.***

24.     Based on the documentation submitted by Shelley Bartlett, it is unclear whether Shelley Bartlett is the appropriate representative of the Lopp Assignee's Estate or otherwise a successor in interest to Assignment of the Policy to the Lopp Assignee and, if so, whether she is seeking a release of said Assignment or asserting a claim to the Death Benefit.

25.     By Release of Collateral Assignment dated June 7, 2024, the Bank Assignee released its collateral interest in the Policy.  *A copy of the Release of Collateral Assignment dated June 7, 2024, is attached hereto as **Exhibit L.***

26.     By email dated July 18, 2024 to Brighthouse (the "July 2024 Email"), Jeffrey Lopp, as general manager of Lopp Motors and Patti Basham, office manager of Lopp Motors, (together, the "Managers") contend that a clerical error resulted in Mary Rist being designated as the Policy's beneficiary and believe that the Owner intended Lopp Motors to be the Policy's beneficiary.  *A copy of the July 2024 Email is attached hereto is attached hereto as **Exhibit M***.

27.     Notwithstanding the Managers' contention in their email, Mary Rist had been designated as primary beneficiary of the New England Life Policy via the June 26, 2008 designation prior the Policy conversion. *See **Exhibit C***.

28.     By Life Insurance Claim Form dated June 5, 2024, Jeffrey Lopp, identified as son of the Insured, asserted a claim to the Death Benefit. *A copy of the Life Insurance Claim Form dated June 5, 2024, is attached hereto as* **Exhibit N**.

29.     The Defendants have been unable to reach an agreement as to distribution of the Death Benefit and have indicated that an agreement is unlikely at this time.

30.     There have been no other claims to the Death Benefit.

31.     Under the circumstances, Brighthouse cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading Defendants, Brighthouse is or may be exposed to multiple liability and/or litigation.

32.     Brighthouse has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the Defendants as to Death Benefit.

33.     Brighthouse is ready, willing, and able to pay the Death Benefit, plus applicable interest, if any, in accordance with the terms of the Policy to whomever this Court shall designate.

34.     As a mere stakeholder, Brighthouse has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom the proceeds should be paid.

35.     Accordingly, Brighthouse will distribute to the Clerk of Court for deposit into the Registry of the Court the Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

36.     Brighthouse has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Brighthouse and any of the Defendants.

Brighthouse brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Brighthouse prays that the Court enter judgment:

(a)    requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(b)    permitting Brighthouse to deposit the amount of the Death Benefit, plus applicable interest, if any, into the Registry of the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(c)    directing Defendant Shelley Bartlett to seek appointment to administer the Lopp Assignee's Estate or, in the alternative, appointing an independent representative to administer the Lopp Assignee's Estate;

(d)    discharging Brighthouse from any and all further liability to the Defendants relating to or arising out of, or connected in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(e)    dismissing with prejudice Brighthouse from this action following deposit of the Death Benefit with the Registry of the Court or as otherwise directed by this Court;

(f)    enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court relating to, or arising out of or in connection in any way with the Policy and/or the Death Benefit;

(g)    awarding Brighthouse its attorneys' fees and costs in their entirety; and

(h)    awarding Brighthouse any other and further relief that this Court deems just and proper.

Dated: November 22, 2024

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE, LLC**

/s/ Scott D. Hofer
Scott D. Hofer            #15787
Kyler A. Womack           #79160
2400 Pershing Road, Suite 500
Kansas City, MO 64108
816-471-2121 / 816-472-0288 Facsimile
shofer@bakersterchi.com
kyler.womack@bakersterchi.com
***Attorneys for Plaintiff***
***Brighthouse Life Insurance Company***