**In the United States District Court
for the District of Kansas**

---

Case No. 24-cv-02544-TC-ADM

---

BRIGHTHOUSE LIFE INSURANCE COMPANY,

*Plaintiff*

v.

LOPP MOTORS, INC., ET AL.,

*Defendants*

---

## ORDER

Plaintiff Brighthouse Life Insurance Company filed this interpleader action against Lopp Motors, Inc., Mary L. Rist, Jeffrey S. Lopp, and Shelley Ann Lopp Bartlett. Doc. 1. The action revolves around a life insurance Policy that Brighthouse issued. *Id.* Defendant Lopp Motors was the owner of the Policy, Mary Rist the named beneficiary, Jeffrey Lopp the son of the insured, and Shelley Bartlett the representative of an assignee under the Policy. *Id.* at 3–4. When the insured died, Bartlett, Rist, and Jeffrey Lopp all asserted claims under the Policy. *Id.* at ¶¶ 20, 21, 28, 31. Brighthouse concedes liability and filed this action seeking guidance as to who gets the funds. *Id.* at ¶ 33.

After filing its Complaint, Brighthouse properly served Bartlett. Doc. 9. The other three defendants waived service. Docs. 5, 7, 8. Rist filed a timely Answer, Doc. 12, but the deadline to respond elapsed without Bartlett, Jeffrey Lopp, or Lopp Motors responding. *See* Doc. 13; Doc. 14. Brighthouse then filed an application for an entry of default, Doc. 16, and the Clerk entered default against Bartlett, Jeffrey Lopp, and Lopp Motors. Doc. 18. Brighthouse now moves for default judgment. Doc. 21.

Brighthouse's motion is granted. Defendants Lopp and Lopp Motors waived service. Docs. 7 & 8. Defendant Bartlett was properly served. Doc. 9. This established personal jurisdiction over all three

defendants. Fed. R. Civ. P. 4(k); *see Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1170 (10th Cir. 2011) (district courts must assess jurisdiction before granting default judgment). Brighthouse properly secured an entry of default, and neither defendant except for Rist filed a responsive pleading—this entitles Brighthouse to default judgment. Fed. R. Civ. P. 55; *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (noting that default judgment is available "when the adversary process has been halted because of an essentially unresponsive party"). Brighthouse's request for attorneys' fees is also granted. *See Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 898 (9th Cir. 2012) (citing *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.,* 306 F.2d 188, 194 (9th Cir. 1962)) ("[J]udgment in interpleader ordinarily entitles the stakeholder to an award of attorneys' fees from the interpleaded funds for work performed filing the action in interpleader.") *U.S. Fid. & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975) (same).

Accordingly, Brighthouse's Motion for Default Judgment, Doc. 21, is GRANTED. Brighthouse shall distribute the proceeds under the Policy to Defendant Rist, save for its attorneys' fees of $23,307. Defendants Bartlett, Jeffrey Lopp, and Lopp Motors are enjoined "from instituting or prosecuting any proceeding in any State or United States court affecting the [Policy]." 28 U.S.C. § 2361; *see In re Millennium Multiple Emp. Welfare Ben. Plan*, 772 F.3d 634, 639 (10th Cir. 2014) (noting that district courts are entitled to issue such injunctions). Brighthouse is dismissed from this suit and discharged of liability under the Policy.

It is so ordered.

Date: April 28, 2025         s/ Toby Crouse
                             Toby Crouse
                             United States District Judge